# Anniston Transfer Co. v. Gurley.

*Action of Damages for Failure as Common Carrier to Deliver Goods.*

1. *Performance of contract of carriage.*—An expressman who agrees to carry a trunk to a depot, to be taken there at once, for a train leaving the next morning, is not liable for its loss, he having delivered it at the depot at the place set apart for such baggage, and called the attention of the baggage agent thereto, and told him to whom it belonged, and on what train it was going.

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

This action was brought by the appellee, S. M. Gurley, against the appellant, the Anniston Transfer Company, to recover for the failure of the defendant to deliver a trunk received by it for transportation as a common carrier. Issue was joined on the plea of the general issue.

The evidence was practically without conflict, and showed that the defendant was engaged as a transfer company in the business of hauling baggage to and from the depot and other places in the city of Anniston; that R. H. Robinson, a son-in-law and as agent, of the plaintiff, engaged the defendant to haul the plaintiff's trunk from Robinson's house to the Georgia Pacific Railroad depot in Anniston, and that the trunk was delivered to the driver of one of defendant's baggage wagons, and was carried by the driver to the Georgia Pacific depot. The other facts of the case are sufficiently stated in the opinion.

The cause was tried by the court without the interven-

[Anniston Transfer Co. v. Gurley.]

tion of a jury ; and, upon the hearing of all the evidence, judgment was rendered for the plaintiff. The defendant appeals, and assigns the rendition of this judgment as error.

METHVIN & KELLY, for the appellant.—(1.) That appellant was liable as a common carrier, see 2 Amer. & Eng. Encyc of Law, 777, 780, 783, 804, 853, 869, (6) ; *Street v. McTyer*, 31 Ala. 667. (2.) Appellant's obligation was to deliver the trunk safely to appellee or her agent Robinson—loss of trunk fixed appellant's liability. It was gross negligence to throw it off and leave it in the custody of no one.—*S. & N. R. R. v. Wood*, 66 Ala. 167 ; *S. & N. R. R. v. Armstead*, 50 Ala. 350 ; 2 Amer. & Eng. Encyc. of Law, 857 (d) , 859, 869 (f) ; *Mobile &c. R. R. v. Copeland*, 63 Ala. 219 ; *Montgomery &c. R. R. v. Culver*, 75 Ala. 587 ; *L. & N. R. R. v. Meyer*, 78 Ala. 597. (3.) To give the strongest reasonable construction of what passed between Crabtree and Lindsey it did not amount to a delivery. The testimony fails to show that Lindsey put the trunk in custody or keeping of Crabtree—it does not show a delivery.—2 Amer. & Eng. Encyc. of Law, 869, 870. (4.) At most it only amounted to a constructive delivery as between appellant and the railroad and can not affect the appellee.—Authorities *supra*. (5.) The delivery to appellant for carriage being shown, burden was on it to show compliance with its contract, this it failed to show.—*M. & E. R. R. v. Culver*, 75 Ala. 587. (6.) The court did not err in permitting Crabtree to answer whether the trunk was delivered to him—the question called for a collateral fact—the objections interposed were not sufficient.—*W. I. Co. v. Roberts*.

R. B. KELLY, for the appellee.—The defendant (appellant) in this case is liable as a *common carrier*. The proof shows that it was engaged in the business of carrying trunks, &c., to and from the depots in the city of Anniston, for all persons who might apply for such service. Its liability therefore is that of a common carrier. —2 Am. &. Eng. Encyclopedia of Law, 777, 780–783 ; Hutchison on Carriers, (1882) § 47 ; *State v. McTyer*, 31 Ala. 667.

The appellants undertaking to transport appellee's trunk to the Georgia Pacific Depot included the obliga-

[Anniston Transfer Co. v. Gurley.]

tion *of a safe delivery to appellee or her authorized agent.* The loss of the trunk fixed appellant's liability.—*S. & N. R. R. v: Wood,* 66 Ala. 172 and cases cited; *So. Ex. Co. v. Caperton,* 44 Ala. 101; *So. Ex. Co. v. Armistead,* 50 Ala. 350.

The proof shows without conflict that appellant was informed at the time the contract of carriage was made on what train appellee would leave the city, viz., the 8 o'clock train next morning; the proof also fails to show that appellee was ever informed by appellant that appellant had no warehouse to store the trunk in over night, or that it was a general custom of appellee to throw off a trunk at the depot and leave it there all night exposed to thieves.—*S. & N. R. R. v. Wood, supra.*

The case of *So. Ex. Co. v. Armistead, supra,* is very much like the case at bar in its material facts. In that case the carrier deposited the goods on the platform of the depot; (and the attention of the depot agent was called to the goods as the property of the consignee.) There is proof in this case to show that the hackman, Joe Lindsay, called the attention of the railroad agent, Crabtree, to the trunk as the property of "Mr. Robinson." *The trunk was Mrs. Gurley's, and not Robinson's*— and it was *gross negligence* in Joe Lindsey to throw off the trunk and "leave it in the custody of nobody."

As to appellant's liability as a connecting carrier, see also 2 Am. & Eng. Encyc. Law, 869 *et seq* and notes.

HEAD, J.—We are satisfied from the testimony, which is practically without dispute on this point, that the contract between the parties was that the defendant company should carry the plaintiff's trunk to the depot, and deliver it there to the baggage agent of the railroad company. The plaintiff herself testified that the trunk was delivered to the defendant's driver "to be deposited in the baggage room of the Ga. Pacific R. R."; and her son-in-law, Robinson, who acted for her, says he informed the defendant's general manager that he wanted the trunk carried to the Georgia Pacific depot, and, furthermore, that when he accompanied the plaintiff to the train the next morning, he inquired for the trunk of the baggage agent of the Georgia Pacific Railroad, at the depot in Anniston where he had ordered the trunk to be taken.

[Anniston Transfer Co, v. Gurley.]

We have only to decide whether the defendant performed that contract; and we are clearly of the opinion that it did perform it fully, both in its letter and spirit. The testimony shows without conflict that the driver, Joe Lindsay, immediately upon receiving the trunk, carried it to the depot, and put it on the covered platform between the passenger and baggage departments, in front of the door of the baggage room at the place, and only place, set apart and especially designated by the baggage agent, for the deposit of baggage to be received by him for the railroad, and where the railroad company had, for a long time, been accustomed to receive baggage. The driver, Lindsay, testifies that he called the attention of Crabtree, the agent, to the trunk, telling him who had sent it to the train, and when it was going off and that Crabtree said "all right," or something of that sort. It is true that Crabtree testified that the trunk was not delivered to him and that he did not receive it, yet, on cross-examination, he shows, by stating that he so swears because he did not check the trunk, that he was merely expressing an erroneous legal conclusion. His further statements, that "the trunk was deposited at the proper place set apart and designated by me, as the railroad company's baggage agent, for the delivery of baggage to me as baggage agent, and at the place at which I check all baggage, and have received and checked all baggage continuously for the railroad for the last three years;" and that "when Joe Lindsay put the trunk on the covered platform, near the baggage room door, he called my attention to it, and told me whose trunk it was, and what train it was going off on; I do not remember what reply I made to him, but I did not object in any way to his leaving it there," leave no room to doubt that there was a good delivery to and acceptance by him of the trunk, which completed the performance of the defendant's contract. It was expressly made known and understood at the time of the making of the contract of carriage, that the trunk could not be carried the next morning to meet the 8 o'clock train on which the plaintiff expected to take passage, for the reason that the driver had to go at that time to another depot to take the mail, and in view of this it was expressly agreed that he should go at once, that afternoon, and take the trunk to the depot. The idea that after then taking it, the de-

[Bonham v. Loeb.]

fendant was to keep it in its custody until the next morning and then deliver it to the plaintiff, at the depot, when she was ready to take the train, is expressly excluded by the very fact, which rendered necessary its immediate carriage. The plaintiff's agent and witness, Robinson, testifies that he knew the defendant had no place to store the baggage, that it had no warehouse, and that storing baggage was not a part of its business, so that we are convinced that the plaintiff received the very performance of the contract, which the parties understood would be made.—*S. & N. Ala. R. R. Co. v. Wood*, 65 Ala. 167. This case is essentially unlike that of *Southern Express Company v. Armistead*, 50 Ala. 350, relied upon by appellee. There, the express company's agent knew that the railroad agent had refused to allow the express company to deposit goods in its depot, at the point of destination, and yet he left the package on the platform, merely calling the attention of the depot agent to it, as the property of the plaintiff. The railroad agent had no duty to perform in regard to it, and, under the circumstances, the action of the expressman was held to be gross carelessness, entitling plaintiff to recover for the loss.

The loss of the trunk, in this case, cannot be attributed to any fault of the defendant. The plaintiff was not entitled to recover, and hence the judgment of the city court must be reversed, and a judgment here rendered for the defendant.

Reversed and rendered.